Gaklaxd, J.
delivered the opinion of the court.
This suit is instituted on a bond executed by Sherburne, the late sheriff of the parish of Iberville, and his sureties, to the governor of the State, the conditions of which among other things specify, “ the said sheriff by himself or deputies shall faithfully collect and account for all taxes of the State, and pa-[344] rish of Iberville for the year 1837, agreeably to law.” This bond was accepted by the parish judge and justices of the peace, as required by the act of the legislature.
The police jury by an ordinance directed a’tax to be laid and collected of seventy-five cents on every slave and one dollar on every thousand dollars Value of real property in said parish, agreeably to the assessment roll of the State tax, and further directed the clerk to make out a list of said taxes in conformity to the ordinance and deliver the same to the sheriff for collection. The clerk made out the list and delivered it, the sheriff proceeded to collect the tax, and paid a portion of it to the parish treasurer. This suit is,brought to recover the balance. The sheriff and his sureties say the plaintiffs cannot maintain this action; that they are not responsible in this suit, and deny generally the justice of the demand.
On the trial, the plaintiffs offered in evidence the bond executed by the sheriff and his sureties, after having proved its execution by a witness who swore to the signatures. To its reception the defendant objected “on the ground it was not properly, sufficiently and legally proved.” The objection is so generally set forth, it is unnecessary to refer to the arguments of the counsel to understand its force, and from them we learn, he relies upon the position that as the sum demanded exceeds five hundred dollars, the contract must be proved by more than one witness. The article 2257 of the Code, which he cites, establishes the opposite position to the one for which he contends. The article relates exclusively to contracts not reduced to writ *211 ing, and the cases cited are to the same point. We think there is not the slightest foundation for the objection. The bond was in fact executed and acknowledged before the parish judge, and it was not necessary to prove the signatures.
The objection to the admission of Hebert as a witness is not stronger than that to reading the bond. The objection of the defendant to his testimony is quite a novelty. He is the parish treasurer, and nominally a party to the suit, and all his testimony, with a single exception, (which [345] is proved by another witness,) is an admission that the defendant, Sherburne, had paid a part of the sum for which he and his sureties were responsible.
The defendants further say that there is no evidence of the amount of the parish taxes, or that the evidence is incomplete, because the assessment roll made to collect the State tax is not produced. That is no concern of the defendant. The police jury directed their clerk to use this assessment in making out the roll from which the parish taxes were to be collected. It was used for information and served as the basis of their assessment, but the sheriff was directed to collect the parish taxes from the roll furnished him by the order of the police jury. It was too late for him to object to that roll after he had received it and collected the taxes on it. If it were incorrect or illegal, the objection should have been made before the money was taken out of the pockets of the people of the parish by virtue of it.
But the ground of defence most relied on by the defendants is that the bond is a “ penal and conditional obligation,” and that as the suit is to recover a portion of the penalty, the defendants must be put in default, in one of the modes pointed out by art. 915 of the Code, and proof'of it is a condition precedent to a recovery. It is true the bond has a penalty, but the plaintiffs do not sue to recover it or any damages, resulting from a failure to collect the taxes: the suit is to recover the money actually received and no more. But if the suit was for the whole penalty, the defendants have not shown that it is necessary to put public officers in default, when suits are instituted for violations of official duty and obligations. The sheriff is ex officio the collector of parish taxes, and as responsible for them as he is for taxes due the State; and if it were necessary to put him in default before they could be recovered, we think he is so by operation of law, as soon as he fails to perform the duty imposed by the law. Not only is a sheriff or tax collector responsible [346] for the money he collects for the State, but by the constitution he is ineligible to a seat in the legislature and subject to other penalties by statute. We therefore think a violation of law and duty so flagrant, is equivalent to a default and a recovery may be had without proof of an actual demand to pay the money. La. Code, art. 1905. Whether the case might not have been different, if the police jury had appointed some other person than the sheriff to collect the taxes, it is not necessary to decide.
The judgment of the district court is therefore affirmed, with costs.